```
IN THE DISTRICT COURT OF THE UNITED STATES
   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              ASHEVILLE DIVISION
                  1:14 CR 93
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **JERRY DALE GOINS.** ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on December 31, 2014. It appearing to the Court at the call of this matter on for hearing the Defendant was present with his counsel, Fredilyn Sison and Meghann K. Burke and the Government was present and represented through Assistant United States Attorney David Thorneloe. From the arguments of counsel for the Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On October 22, 2014 a bill of indictment was issued charging the Defendant with two counts of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On December 31, 2014, the undersigned

held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of Defendant to the charge of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), that being the charge contained in count three of the bill of indictment. At the end of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that Defendant has now entered a plea of guilty to a violation of 18 U.S.C. § 2252A(a)(5)(B) which is considered to be a crime of violence as provided by 18 U.S.C. § 3142(f)(1)(A).

The undersigned made an inquiry of Assistant United States Attorney David

Thorneloe as to whether or not there is going to be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Thorneloe advised the Court that such a recommendation could not be made in this matter. As a result of the plea of guilty, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. It would thus appear, and the Court is of the opinion that the Court should apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: January 6, 2015

Dennis L. Howell
United States Magistrate Judge